Exhibit A

MAYER·BROWN

Mayer Brown LLP
1999 K Street, N.W.
Washington, D.C. 20006-1101

Main Tel (202) 263-3000
Main Fax (202) 263-3300
www.mayerbrown.com

October 6, 2009

**Andrew J. Pincus**
Direct Tel (202) 263-3220
Direct Fax (202) 263-5220
apincus@mayerbrown.com

James H. Thessin, Esquire
Deputy Legal Advisor
United States Department of State
2201 C Street, N.W., Room 6421
Washington, D.C. 20520

Re:   U.S. Training Center, Inc.—WPPS Contract—
      Request for Westfall Act Certification in *Brady, et
      al. v. Xe Services LLC, et al.*, No. 09-cv-18387
      (N.C. Superior Court, filed Sept. 15, 2009)

Dear Mr. Thessin:

A civil lawsuit was filed on September 15, 2009, in the North Carolina General Court of Justice, Superior Court Division arising out of the WPPS contract between the State Department and United States Training Center, Inc. ("USTC"). The case is captioned *Brady, et al. v. Xe Services LLC, et al.* (No. 09-cv-018387). We represent all of the corporate defendants and Erik Prince,[1] and are writing to seek on certification under the Westfall Act, 28 U.S.C. § 2679. In accordance with the regulations promulgated by the Attorney General, which set forth the procedures for seeking certification (*see* 28 C.F.R. §§ 15.1–15.4), attested copies of the complaint and summonses are enclosed with this letter as Exhibit A. *See id.* § 15.2(a). Please consider this letter a formal request for certification under the regulations.

The complaint arises out of an incident that allegedly occurred in Iraq on September 16, 2007. According to the complaint, on that date, the "Raven 23" convoy, which included the ICs named as defendants in the complaint, "set up a blockade at Nisur Square to stop civilian traffic from flowing through the traffic circle" in order to support various other "personal protective personnel operating in Baghdad." Complaint ¶¶ 69–72. The ICs allegedly "opened fire on a white Kia sedan which had been approaching the traffic circle from the south." *Id.* ¶ 74. As the incident continued, the Raven 23 convoy also allegedly fired at others in the area. *Id.* ¶ 78. The plaintiffs are six individuals who were allegedly injured and the administrator for the estates of three individuals who were allegedly killed in the incident. *Id.* ¶¶ 10–19, 79–89.

---

[1] The other defendants, whom we do not represent, are Donald Wayne Ball, Dustin L. Heard, Evan Shawn Liberty, Jeremy P. Ridgeway, Nicholas Abram Slatten, and Paul Alvin Slough (the "ICs"). These individuals all provided security services pursuant to USTC's contract with the State Department.

The complaint sets forth five claims against the corporate defendants and Mr. Prince: vicarious liability for wrongful death and personal injury under North Carolina law, vicarious liability for wrongful death and personal injury under Iraqi law, direct liability for wrongful death and personal injury based on a theory of negligent supervision under North Carolina law, direct liability for wrongful death and personal injury based on a theory of negligent retention under North Carolina law, and punitive damages under North Carolina law. (These are the Fifth through Ninth Claims for Relief. The initial four Claims are asserted only against the ICs.)

As you are aware, Westfall Act certification and substitution of the United States as the defendant is available (1) to statutory "employees of the government" (2) for acts undertaken within the scope of employment. *See* 28 U.S.C. § 2679(b)(1).

The issues of whether the State Department control over the ICs in Iraq satisfies the standard for employee status under the Westfall Act—and of whether Westfall Act immunity extends to liability claims based on the conduct of ICs in Iraq—have already been the topic of several submissions by us in connection with various other complaints arising out of USTC's work pursuant to the WPPS Contract. These submissions include letters to you of December 21, 2007, December 28, 2007, May 21, 2009, June 12, 2009, June 24, 2009, July 9, 2009, September 21, 2009, and September 23, 2009, as well as our April 3, 2008 submission to the Department of Justice (which our May 21, 2009 letters attached and incorporated by reference). We will not recapitulate our arguments why that standard is satisfied and why the corporate defendants and Mr. Prince should therefore be entitled to employee status under the Westfall Act as well. Those arguments are set forth in detail in the April 3, 2008 submission (at pp. 3–14), and are incorporated by reference herein.

The second requirement for Westfall Act certification is that the tortious conduct alleged as the basis for recovery have occurred within the scope of employment. The scope of employment determination is ordinarily based on the law of the place where the act or omission at issue occurred. *See, e.g., Johnson v. Carter*, 983 F.2d 1316, 1322 (4th Cir. 1993), *overruled on other grounds by Gutierrez de Martinez v. Lamagno*, 515 U.S. 417 (1995). When that determination would require the application of foreign law, however, courts in the Fourth Circuit apply the law of the forum state. *See Gutierrez de Martinez v. D.E.A.*, 111 F.3d 1148, 1156 (4th Cir. 1997). Thus, in this case, North Carolina law governs.

North Carolina law regarding the scope of employment is similar to the law in Virginia, (where other actions are pending against USTC), and indicates that intentional, criminal acts can be within the scope of employment. *See, e.g., Carawan v. Tate*, 280 S.E.2d 528, 531 (N.C. App. 1981). As the complaint notes, the alleged actions undertaken by the Raven 23 convoy occurred while engaged in a mission to support other security personnel operating in Baghdad. Complaint

¶ 69. The scope of employment standard is therefore satisfied for the reasons explained in our previous submissions to you, which again are incorporated herein by reference.[2]

We would be happy to provide more information or to meet with you to discuss this matter at your convenience.

Sincerely,

Andrew Pincus

Andrew J. Pincus

Enclosures

cc: Jennifer Toole, U.S. Department of State
Phyllis Pyles, U.S. Department of Justice
R. Joseph Sher, Office of the United States Attorney for the Eastern District of Virginia

---

[2] The allegation that the Raven 23 convoy acted "[i]n complete contravention of their authorization under the WPPS contract" (Complaint ¶ 72) does not change this result; as we have previously indicated, "[i]f the act of the employee was a means or method of doing that which he was employed to do, though the act be wrongful and unauthorized or even forbidden, the employer is liable for the resulting injury." *Wegner v. Delly-Land Delicatessen, Inc.*, 153 S.E.2d 804, 808 (N.C. 1967) (cited in April 3, 2008 Letter to DOJ, at 16–17); *see also Carawan*, 280 S.E.2d at 530–31 (parking lot attendant who pointed gun at plaintiff and threatened to shoot if plaintiff did not pay a $3 parking fee could have been acting within scope of employment).