IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Case 5:09-cv-449-BO

| | |
|---|---|
| R. DANIEL BRADY, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) |
| XE SERVICES LLC, | ) |
| BLACKWATER SECURITY | ) |
| CONSULTING LLC, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## REQUEST FOR CLARIFICATION

NOW COME the above-captioned plaintiffs, by and through undersigned counsel, and respectfully request that the Court clarify its Order filed May 18, 2010, granting plaintiffs leave to conduct jurisdictional discovery (the "Order") [D.E. 74]. Plaintiffs show as follows:

1. On May 18, 2010, this Court entered an Order, which grants, *inter alia*, plaintiffs leave to conduct limited discovery on the personal jurisdictional issue raised by defendant Jeremy P. Ridgeway's Motion to Dismiss (the "Motion to Dismiss") [D.E. 37].

2. The Order grants plaintiffs' Motion for Leave to Conduct Jurisdictional Discovery [D.E. 47] and provides plaintiffs thirty (30) days from the date the Order was filed to conduct jurisdictional discovery, but only fourteen (14) days to file their opposition to the Motion to Dismiss.

3. While the Order does grant plaintiffs' Motion for Extension of Time to Respond In Opposition to the Motion to Dismiss [D.E. 46], the Order does not provide plaintiffs any time to utilize discovery obtained from defendants before plaintiffs' opposition papers are due.

4. Pursuant to the terms of the Order, plaintiffs' deadline to respond to the Motion to Dismiss falls on June 1, 2010, more than two weeks prior to the June 17, 2010 deadline to complete jurisdictional discovery.

5. As the Court noted, "plaintiffs are seeking leave to conduct jurisdictional discovery to determine the nature, extent, and scope of Ridgeway's contacts with North Carolina" so that they may use the discovery responses to oppose the Motion to Dismiss. Plaintiffs are, however, unable to use the discovery responses if plaintiffs must file their opposition papers prior to the close of jurisdictional discovery. Plaintiffs, therefore, seek clarification as to whether the Court intended to order plaintiffs to file their response to the Motion to Dismiss without the full benefit of the jurisdictional discovery it allowed. Practically speaking, plaintiffs will be unable to conduct meaningful discovery in sufficient time to incorporate responses into their opposition to the Motion to Dismiss unless plaintiffs' opposition is due after the close of discovery.

WHEREFORE, for the reasons stated herein, plaintiffs respectfully request that the Court clarify its Order as to whether the 14-day extension of time it granted is intended to allow plaintiffs time to incorporate the results of their jurisdictional discovery into their opposition to the Motion to Dismiss, and if so, whether the 14-day extension of time is intended to run from the close of the jurisdictional discovery period rather than from the May 18, 2010 filing date of the Order.

This, the 19th day of May, 2010.

/s/ James A. Roberts, III
James A. Roberts, III
N. C. State Bar No. 10495
jimroberts@lewis-roberts.com
Brooke N. Albert
N.C. State Bar No. 36584
brookealbert@lewis-roberts.com

**LEWIS & ROBERTS, PLLC**
3700 Glenwood Avenue, Suite 410
Raleigh, NC 27612
Telephone: 919-981-0191
Facsimile: 919-981-0199

/s/ Paul R. Dickinson, Jr.
Paul R. Dickinson, Jr.
N.C. Bar No. 20510
pauldickinson@lewis-roberts.com
Gary V. Mauney
N.C. Bar No. 22190
garymauney@lewis-roberts.com

**LEWIS & ROBERTS, PLLC**
5960 Fairview Road, Suite 102
Charlotte, NC 28210
Telephone: 704-347-8990
Facsimile: 704-347-8929

*Attorneys for Plaintiffs*

# CERTIFICATE OF SERVICE

I hereby certify that on May 19, 2010, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

Eric H. Cottrell
ecottrell@mayerbrown.com

Peter H. White
peter.white@srz.com

*Attorneys for Defendants Xe Services, LLC, Blackwater Security Consulting LLC, U.S. Training Center, Inc., Raven Development Group LLC, GSD Manufacturing LLC, Prince Group, LLC, Total Intelligence Solutions LLC, Greystone Limited a/k/a Greystone Ltd., Terrorism Research Center, Incorporated, Technical Defense Associates, Incorporated, Aviation Worldwide Services, L.L.C., Guardian Flight Systems LLC, Presidential Airways, Inc., STI Aviation, Inc., Air Quest, Inc., Samarus Co. Ltd. and Erik Prince*

Keith Harrison Johnson
kjohnson@poynerspruill.com

Edward H. Maginnis
emaginnis@maginnislaw.com

*Attorneys for Defendants Donald Wayne Ball, Dustin L. Heard, Evan Shawn Liberty, Nicholas Abram Slatten, and Paul Alvin Slough*

*Attorneys for Defendant Jeremy P. Ridgeway*

Paul K. Sun, Jr.
Paul.sun@elliswinters.com

*Attorneys for Aviation Worldwide Services LLC; Guardian Flight Systems LLC; Presidential Airways Inc.; STI Aviation Inc.; Air Quest, Inc.; Samarus Co Ltd.*

/s/ Brooke N. Albert
Brooke N. Albert
N.C. State Bar No. 36584
brookealbert@lewis-roberts.com
**LEWIS & ROBERTS, PLLC**
3700 Glenwood Avenue, Suite 410
Raleigh, NC 27612
Telephone: 919-981-0191
Facsimile: 919-981-0199

*Attorneys for Plaintiffs*