IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| R. DANIEL BRADY ET AL., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Civil Action No. 5:09-CV-00449-BO |
| v. ) | |
| ) | |
| XE SERVICES LLC ET AL., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**CORPORATE DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION FOR AN ORDER SHORTENING
TIME TO RESPOND TO JURISDICTIONAL DISCOVERY**

Defendants Xe Services LLC, Blackwater Security Consulting LLC, U.S. Training Center, Inc., Raven Development Group LLC, GSD Manufacturing LLC, Prince Group, LLC, Total Intelligence Solutions LLC, Greystone Limited a/k/a Greystone Ltd., Terrorism Research Center, Incorporated, Technical Defense Associates, Incorporated, Aviation Worldwide Services, LLC, Guardian Flight Systems LLC, Presidential Airways, Inc., STI Aviation, Inc., Air Quest, Inc., Samarus Co. Ltd., and Erik Prince (collectively, the "Corporate Defendants") respectfully submit this objection to Plaintiffs' Motion to Shorten the Time to Respond to Plaintiffs' Jurisdictional Discovery. The relief that Plaintiffs seek is unnecessary; much of the discovery they have requested is improper; and the motion should be denied.

**INTRODUCTION**

Defendant Jeremy Ridgeway moved to dismiss the complaint against him for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). *See* Dkt. No. 37. In response, Plaintiffs requested permission to conduct limited discovery relating to the Court's

1

jurisdiction over Ridgeway. *See* Dkt Nos. 42, 43. While taking no position on the jurisdictional dispute between Plaintiffs and Ridgeway, the Corporate Defendants reserved the right to object to any discovery requests for documents and other information in their possession. *See* Dkt. No. 49. As the Court orally denied Plaintiffs' Motion for Leave to Conduct Jurisdictional Discovery at the April 9, 2010 hearing, the Court's May 18 Order allowing limited jurisdictional discovery came as a surprise.

Plaintiffs acknowledge that the Court authorized discovery for the limited purpose of allowing Plaintiffs to "marshal facts demonstrating that this Court is vested with personal jurisdiction over defendant Ridgeway," Dkt. No. 78, at 1, but Plaintiffs have in fact served sweeping discovery requests on the Corporate Defendants, including a request for a Rule 30(b)(6) deposition of each Corporate Defendant and document requests seeking a broad range of documents that have no colorable connection to Ridgeway's ties to North Carolina. *See* Rule 30(b)(6) Notice (attached as Exhibit 1). Plaintiffs now request that the Court afford the Corporate Defendants only 10 days within which to search for and produce all of the categories of documents sought in Plaintiffs' Rule 34 request. *See* Dkt. Nos. 77, 78. The motion should be denied, and Plaintiffs should be precluded from seeking discovery from the Corporate Defendants that has no bearing on the disputed jurisdictional issues.

## **ARGUMENT**

As Ridgeway noted in his motion to dismiss, Plaintiffs must show that Ridgeway's contacts with North Carolina are sufficiently "continuous and systematic" to support general personal jurisdiction. Dkt. No. 37, at 4-5 (citing *Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 415-16 (1984)). That question turns on Ridgeway's "contacts with this State." *Lab. Corp. of America Holdings v. Schumann*, 474 F. Supp. 2d 758, 765 (M.D.N.C. 2006) (citing

*Helicopteros Nacionales*, 466 U.S. at 414 nn. 8, 9). Plaintiffs' discovery requests have little to do with identifying facts relevant to that inquiry. Their motion should be denied for two independent reasons.

*First*, Plaintiffs' are using the Court's May 18, 2010 Order to conduct a fishing expedition regarding factual issues irrelevant to the dispute over personal jurisdiction. For example, Plaintiffs have demanded that the Corporate Defendants produce, among other things: (a) the State Department Mission Firearms Policy for Iraq; (b) "[a]ny and all manuals, directives, instructions, handbooks, guidelines, or other items and/or documents related to Jeremy P. Ridgeway's work with any defendant in this lawsuit"; (c) all documents produced to Ridgeway "related to any training, instructions, directives, and other documents concerning the State Department Mission Firearms Policy for Iraq or Task Order 6 of the WPPS II contract"; (d) all statements made by Ridgeway related to the allegations in Plaintiffs' complaint; (e) "all training manuals, directives, instructions, handbooks, guidelines, procedures, materials, items, and/or documents used during any vetting, training, and/or interview process of [Ridgeway]"; (f) "[a]ny and all items and/or documents related to the '164-hour Training Program' referenced in" Defendants' Westfall Act motion. *See* Rule 30(b)(6) Notice, Ex. B, Nos. 6, 8, 10, 11, 13, 15. Most of Plaintiffs' other requests similarly exceed the limited scope of jurisdictional discovery. *See* Ex. B, Nos. 1-3, 5, 12, 14, and 16.

These requests are a transparent effort to obtain merits discovery regarding, among other things, Plaintiffs' claim alleging inadequate hiring and training and their claim that the individual Defendants failed to comply with relevant policies during the September 16, 2007, incident in Baghdad. For purposes of personal jurisdiction, the narrow question is the extent of Ridgeway's presence in, and other contacts with, the State of North Carolina. *Lab. Corp. of America*

*Holdings*, 474 F. Supp. 2d at 765. None of these requests for general corporate policy or government documents has even the most attenuated connection to that question. The State Department firearms policy for Iraq, for example, is utterly irrelevant to whether Ridgeway's contacts with North Carolina were "so extensive, systematic, and continuous that they approximate [his] physical presence" in the State.[1]

Plaintiffs also have demanded an unnecessary and unduly burdensome Rule 30(b)(6) deposition of each of the Corporate Defendants. The topics that Plaintiffs propose to cover there are virtually identical to the categories of irrelevant documents discussed above. Moreover, as the corporate representatives will be deposed regarding the same topics covered by Plaintiffs' production requests—and the only information relevant to the jurisdictional question involves facts specific to Ridgeway, as to which those representatives' knowledge necessarily will be limited to what is contained in relevant documents—their testimony could not add anything to the information contained in those documents. *See* Rule 30(b)(6) Notice, Ex. A, Nos. 6, 8, 13.

***Second***, the Corporate Defendants acknowledge that some of the documents requested by Plaintiffs — like plane tickets, records showing Ridgeway's attendance at meetings or training sessions in North Carolina (if any), travel vouchers reflecting trips to North Carolina, and similar documents — are relevant and should be produced in light of the Court's May 18 Order. Even these requests are clearly overbroad. For example, the Corporate Defendants have no obligation to request copies of commercial airline tickets from the travel agents or airlines that issued them.

---

[1] Plaintiffs cannot plausibly argue that these requests relate to an effort to establish "specific jurisdiction" with respect to Ridgeway—based on the theory that Plaintiffs' claims "aris[e] out of an act or omission within this State by the defendant." N.C. Gen. Stat. § 1-75.4(3). Plaintiffs' claims against Ridgeway, which are limited to his alleged wrongful acts in connection with shooting that occurred on September 16 in Baghdad, *see* Dkt. No. 1 (Ex.A), plainly arise only out of acts that occurred in Iraq. No claim of inadequate training, hiring, or supervision is, or could be, asserted against Ridgeway. Indeed, in Plaintiffs' reply memorandum in support of their motion for jurisdictional discovery, Plaintiffs listed only facts relating to Ridgeway's contacts with North Carolina – the place of execution of his contract and the terms of that contract, for example – in explaining their entitlement to discovery. Dkt. No. 55, at 6.

*See* Rule 30(b)(6) Notice, Ex. B, No. 9.  Nonetheless, the Corporate Defendants will gather the relevant responsive materials and produce them as quickly as they are located.  But it likely will be impossible to produce some categories of documents on the expedited basis requested by Plaintiffs, particularly materials that may be located overseas or in storage facilities.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs' Motion to Shorten the Time to Respond to Jurisdictional Discovery should be denied.

Dated: May 21, 2010 Respectfully submitted,

/s/ Eric H. Cottrell
Eric H. Cottrell (N.C. Bar No. 21994)
ecottrell@mayerbrown.com
MAYER BROWN LLP
214 North Tryon Street, Suite 3800
Charlotte, North Carolina 28202
(704) 444-3500
(704) 377-2033 (fax)

Andrew J. Pincus
Michael E. Lackey, Jr.
MAYER BROWN LLP
1999 K Street, N.W.
Washington, DC 20006-1101
Telephone: (202) 263-3000
Facsimile: (202) 263-3300

Peter H. White
SCHULTE ROTH & ZABEL LLP
1152 15th Street NW, Suite 850
Washington, DC 20005
(202) 729-7470
(202) 730-4520 (fax)
peter.white@srz.com

Paul K. Sun, Jr.
North Carolina Bar No. 16847
ELLIS & WINTERS LLP
Post Office Box 33550
Raleigh, NC 27636
Voice: (919) 865-7000
Facsimile: (919) 865-7010
Email: Paul.sun@elliswinters.com

*Attorneys for Defendants Xe Services LLC, Blackwater Security Consulting LLC, U.S. Training Center, Inc., Raven Development Group LLC, GSD Manufacturing LLC, Prince Group, LLC, Total Intelligence Solutions LLC, Greystone Limited a/k/a Greystone Ltd., Terrorism Research Center, Incorporated, Technical Defense Associates, Incorporated, Aviation Worldwide Services, L.L.C., Guardian Flight Systems LLC, Presidential Airways, Inc., STI Aviation, Inc., Air Quest, Inc., Samarus Co. Ltd. and Erik Prince*

# **CERTIFICATE OF SERVICE**

I hereby certify that on May 21, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

James A. Roberts III
jimroberts@lewis-roberts.com
LEWIS & ROBERTS, PLLC
3700 Glenwood Avenue, Suite 410
Raleigh, NC 27612

Gary V. Mauney
garymauney@lewis-roberts.com
LEWIS & ROBERTS, PLLC
5960 Fairview Road, Suite 102
Charlotte, NC 28210

*Attorneys for Plaintiffs*

Edward Hallett Maginnis
emaginnis@maginnislaw.com
MAGINNIS LAW
6030 Creedmoor Road
Raleigh, NC 27612

*Attorney for Defendant Jeremy P. Ridgeway*

Keith Harrison Johnson
kjohnson@poynerspruill.com
Poyner Spruill LLP
P.O. Box 1801
301 Fayetteville St., Suite 1900
Raleigh, NC 27602-1801

*Attorney for Defendants Donald Wayne Ball, Dustin L. Heard, Evan Shawn Liberty, Nicholas Abram Slatten, and Paul Alvin Slough*

In addition, I hereby certify that, pursuant to 28 U.S.C. § 2679(d)(3) and Federal Rule of Civil Procedure 4(i)(1) (previously Federal Rule of Civil Procedure 4(d)(4)), I served the foregoing by certified mail to each of the following:

>Civil Process Clerk
>United States Attorney's Office
>Eastern District of North Carolina
>310 New Bern Avenue, Suite 800
>Terry Sanford Federal Building & U.S. Courthouse
>Raleigh, NC 27601-1461

Attorney General of the United States
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

James H. Thessin
Deputy Legal Advisor
United States Department of State
2201 C Street, N.W., Room 6421
Washington, D.C. 20520

Jennifer Toole
United States Department of State
2201 C Street, N.W., Room 6421
Washington, D.C. 20520

Phyllis Pyles
Director, Torts Branch
Civil Division
U.S. Department of Justice
Room 8098N
1331 Pennsylvania Avenue, N.W.
Washington, D.C. 20530

        /s/ Eric H. Cottrell
        Eric H. Cottrell