IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Action No. 5:09-cv-00449

R. DANIEL BRADY ET AL.,              )
                                     )
         Plaintiffs,                 )
                                     )
    v.                               )
                                     )
XE SERVICES LLC ET AL.,              )
                                     )
         Defendants.                 )
_____)

**<u>CONSENT MOTION FOR EXTENSION OF JURISDICTIONAL DISCOVERY PERIOD</u>**

COMES NOW Defendant Jeremy Ridgeway ("Mr. Ridgeway" or "Defendant"), by counsel, and hereby moves this Honorable Court – should Mr. Ridgeway's Motion for Reconsideration be denied – for an extension of Plaintiff's jurisdictional discovery deadline as to Mr. Ridgeway that was set forth in the Court's May 18, 2010 Order on Jurisdictional Discovery. Mr. Ridgeway has conferred with opposing counsel and they have consented to the filing of a motion to extend time to respond to Plaintiff's discovery requests.[1] In support, Mr. Ridgeway states as follows:

The Court, on May 18, 2010 entered an Order granting Plaintiff's Motion for Jurisdictional Discovery, which allowed Plaintiffs 30 days to obtain jurisdictional discovery and 14 days from the close of jurisdictional discovery to file an Opposition to Defendant's Motion to Dismiss (the "May 18 Order"). Defendant Ridgeway timely filed a Motion for Reconsideration as to that May 18 Order pursuant to Rule 59 of the Federal Rules of Civil Procedure on May 28,

---

[1] Counsel for Mr. Ridgeway has conferred with counsel for the other Defendants and they take no position on this Motion.

1

2010 (the "Motion for Reconsideration").  The Court had clarified the May 18 Order on May 21, indicating that Defendants had 14 days from the date of service to respond to Plaintiff's Rule 34 Discovery Requests.

Coincidentally, if the Motion for Reconsideration is not granted – which would render the instant Motion moot – and if the close of jurisdictional discovery is not tolled by the filing of the Motion for Reconsideration – which Defendant Ridgeway contends that it does[2] – then the close of the jurisdictional discovery period would fall squarely in the middle of a two week period where Edward Maginnis, sole counsel for Mr. Ridgeway, will be unavailable to participate in any depositions sought by Plaintiff due to his wedding.

In *Ibarra*, cited *supra*, the Supreme Court notes that without a clear rule on tolling of deadlines pursuant to Rule 59 Motions, [p]rudent attorneys would be encouraged to file notices of appeal from orders of the district court, even though the latter court is in the course of considering a motion for rehearing of the order.  *Ibarra* at 7.  Although the Court is still considering Defendant's Motion for Reconsideration, counsel for Mr. Ridgeway feels that it would be "prudent" to request, alternatively, that the Court – should the Motion for Reconsideration be denied – extend the jurisdictional discovery period with regard to Defendant Ridgeway to sixty days from the date of the May 18 Order.  Pursuant to the May 18 Order,

---

[2] Defendant Ridgeway contends that motions filed under Rule 59 toll any deadlines until the disposition of the Rule 59 Motion, *See e.g. United States v. Ibarra*, 502 U.S. 1, 4-5 ("the consistent practice in civil and criminal cases alike has been to treat timely petitions for rehearing as rendering the original judgment non-final for purposes of appeal as long as the petition is pending;" "Principles of equitable tolling usually dictate that when a time bar has been suspended and then begins to run again upon a later event, the time remaining on the clock is calculated by subtracting from the full limitations period whatever time ran before the clock was stopped.").  Plaintiffs object to that position.

Plaintiffs would still have 14 days from the date of the revised close of discovery to oppose Defendant's Motion to Dismiss.

Accordingly, the parties to this action have agreed – without opining on the merits of the Motion for Reconsideration or whether the discovery deadlines have been tolled by the filing of this Motion for Reconsideration – to, if necessary, extend the period for discovery as to Mr. Ridgeway by 30 days to July 17, 2010. Plaintiff's Opposition to the Motion to Dismiss would have a deadline of 14 days from the revised Discovery Closing Date.

WHEREFORE, Defendant Ridgeway requests that the Court extend the time period for Plaintiffs to obtain discovery as to Mr. Ridgeway for 30 additional days from the entry of the Court's May 18 Order or such relief that the Court deems appropriate under the circumstances.

Respectfully submitted this the 8th day of June, 2010.

By: /s/ Edward H. Maginnis

Edward H. Maginnis (Bar No. 39317)
**MAGINNIS LAW, PLLC**
6030 Creedmoor Road, Suite 200
Raleigh, NC 27612
Telephone: 919.526.0450
Facsimile: 919.882.8763
emaginnis@maginnislaw.com

*Counsel for defendant Jeremy P. Ridgeway*

## CERTIFICATE OF SERVICE

I hereby certify that on June 8 2010, I caused true and correct copies of the foregoing Motion for Reconsideration to be served on counsel registered with the CM/ECF system.

/s/ Edward H. Maginnis
Edward H. Maginnis