IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Case 5:09-cv-449-BO

| | |
|---|---|
| R. DANIEL BRADY, ET AL., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | PLAINTIFFS' RESPONSE TO |
| vs. ) | DEFENDANT JEREMY |
| ) | RIDGEWAY'S MOTION FOR |
| XE SERVICES LLC, ) | RECONSIDERATION |
| BLACKWATER SECURITY ) | |
| CONSULTING LLC, ET AL., ) | |
| ) | |
| Defendants. ) | |
| ) | |

Now come plaintiffs, pursuant to Local Civil Rule 7.1, EDNC, and responding to defendant Jeremy Ridgeway's ("Ridgeway") Motion for Reconsideration, show unto the Court the following:

## SUMMARY OF THE CASE

This matter was originally filed on September 15, 2009 in the North Carolina Superior Court for Wake County and removed to the Eastern District of North Carolina on October 15, 2009. DE 1. The plaintiffs' claims center on the tragic events of September 16, 2007 in Baghdad, Iraq. Plaintiffs allege that on that day, Ridgeway and others, as employees of certain Blackwater corporate defendants, needlessly injured and/or killed the plaintiffs and/or their family members. Ridgeway entered a guilty plea in the United States District Court for the District of Columbia based on the events of September 16, 2007.

In response to plaintiffs' complaint, Ridgeway filed a motion to dismiss (DE 37) on December 24, 2009, asserting that the Court lacks personal jurisdiction over him in this action. Plaintiffs then moved the Court on February 2, 2010 for leave to conduct jurisdictional discovery

(DE 47) seeking to discover certain information related to Ridgeway's contacts with North Carolina. On February 17, 2010, Ridgeway filed his opposition to any limited jurisdictional discovery. DE 52.

The Court granted plaintiffs' motion for leave to conduct jurisdictional discovery (DE 74) on May 18, 2010 and ordered that "plaintiffs have thirty (30) days from the filing date of th[e] Order to conduct jurisdictional discovery" ("the May 18 Order"). In light of the time limits set forth within the May 18 Order, plaintiffs immediately served jurisdictional discovery upon Ridgeway by hand delivery on May 18, 2010.

The next day, on May 19, 2010, plaintiffs moved the Court to shorten the time by which all defendants must respond to the jurisdictional discovery. DE 77. On May 24, 2010 the Court granted plaintiffs' motion to shorten time (DE 81) and ordered defendants to "respond to jurisdictional discovery requests within fourteen (14) days from the date of service" ("the May 24 Order"). Despite the Court's clear instructions in the May 18 and May 24 Orders that plaintiffs are allowed to serve jurisdictional discovery - and that defendants must respond within fourteen (14) days of service - Ridgeway has failed to serve either objections or responses to plaintiffs' jurisdictional discovery requests.[1]

Rather than answering plaintiffs' jurisdictional discovery as ordered by the Court, Ridgeway filed a motion for reconsideration (DE 82) on May 28, 2010 - the last court day before his jurisdictional discovery responses were due to plaintiffs.

---

[1] Plaintiffs also served jurisdictional discovery upon the Corporate Defendants by hand delivery on May 19, 2010. Pursuant to the May 24 Order, the Corporate Defendants served written objections within fourteen (14) days, but produced only limited documents to plaintiffs.

2

# RIDGEWAY'S MOTION FOR RECONSIDERATION SHOULD BE DENIED

1. **Ridgeway has not identified any grounds sufficient to warrant the Court's reconsideration of the May 18 Order granting Plaintiffs' leave to conduct jurisdictional discovery.**

Ridgeway's motion for reconsideration improperly relies upon Rule 59(e) of the Federal Rules of Civil Procedure. DE 82 at 1. Contrary to Ridgeway's reliance, *Rule 59(e) is only available for relief from a final judgment.* McLaurin v. East Jordan Iron Works, Inc., 666 F. Supp. 2d 590, 596, n. 2 (E.D.N.C. 2009)(citing *Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1469 (4th Cir. 1991)). While a District Court does retain "the power to reconsider and modify its interlocutory judgements," *North Carolina v. Tennessee Valley Authority*, 2008 WL 2115159 *1 (W.D.N.C. 2008)(citing *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 36 F.3d 505, 514-15 (4th Cir. 2003)), *"it is improper to file a motion for reconsideration simply to 'ask the Court to rethink what the Court had already thought through - rightly or wrongly.'" Id.* (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D.Va. 1983))(emphasis supplied).

Even if Ridgeway's motion for reconsideration had been properly brought pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, such motion would nonetheless be improper because Ridgeway has failed to demonstrate the existence of grounds sufficient to justify reconsideration of the Court's May 18 interlocutory Order. "A Court may revisit interlocutory orders at any time prior to final judgment under Fed. R. Civ. P. 54(b) or its inherent authority." *United States v. Duke Energy Corp.*, 218 F.R.D. 468, 474-75 (M.D.N.C. 2003). Although "reconsideration is appropriate when justice requires it, . . . it is discretionary [and] not automatic." *Id.* at 475. This Court has previously explained the Rule 54(b) standard for reconsidering interlocutory orders as follows:

3

> "Motions for reconsideration of interlocutory orders are not subject to the strict standards applicable to motions for reconsideration of a final judgment. Rather, the resolution of such motions is committed to the discretion of the district court. As a means of guiding that discretion, courts have looked to doctrines such as law of the case, under which a prior dispositive order must be followed unless (1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made a contrary decision of law applicable to the issue, or (3) the prior decision was clearly erroneous and would work manifest injustice.
>
> Similarly, courts applying Rule 54(b) have borrowed factors from Rule 59(e) and Rule 60(b), which include (1) evidence not previously available has become available, (2) an intervening change in the controlling law, (3) a clear error of law or manifest injustice, (4) mistake, inadvertence, surprise or excusable neglect, or (5) any other reason justifying relief from the operation of the judgment."

*Pharmanetics, Inc. v. Aventis Pharmaceuticals, Inc.*, 2005 WL 6000369 *4 (E.D.N.C. 2005)(internal quotes and citations omitted). Assuming the Court considers Ridgeway's motion as properly brought under Rule 54(b), Ridgeway has offered no support for any of the reasons provided for reconsideration in *Pharmanetics*. As this Court held in *Pharmanetics*, **when "[defendant] raises arguments that already were raised, or could have been raised, at earlier stages in this case, and [defendant] has not presented a change in the evidence or controlling law, much less a clear error of law or manifest injustice," reconsideration must be denied.** *Id.*

Ridgeway is using his motion for reconsideration in the precise manner that the North Carolina District Courts and Fourth Circuit dictate is improper - he spends over half of his pages re-arguing the same law and facts that he argued in his original opposition papers and re-cites the Court directly back to pinpoint citations previously rejected. DE 82 at 2-5. This Court has previously held that **"motions to reconsider are not appropriate vehicles to advance arguments already rejected by the Court or new legal theories not argued before the ruling."** *McLaurin* at 596 (citing *Zurich Cap. Markets, Inc. v. Coglianese*, 383 F.Supp. 2d. 1041, 1045 (N.D. Ill. 2005))(emphasis supplied).

4

Ridgeway, by repeatedly re-arguing the same law and facts as in his original opposition papers, appears to believe that the Court must have "overlooked" his original arguments. "Overlooking a party's argument is not one of the bases on which the Court will grant a motion for reconsideration." *Tennessee Valley* at *2. The Western District also held in *Tennessee Valley* that ***"limitations on motions to reconsider serve to ensure that parties are thorough and accurate in their original pleadings and arguments presented to the Court. To allow motions to reconsider offhandedly or routinely would result in an unending motions practice." Id.*** (internal quotes and citations omitted).

Despite Ridgeway's re-assertion of prior rejected arguments in his motion for reconsideration, this Court properly found that "[w]hen personal jurisdiction is challenged under Rule 12(b)(2) of the Federal Rules of Civil Procedure, the burden is on the plaintiff to prove grounds for jurisdiction by a preponderance of the evidence. The decision of whether to permit jurisdictional discovery is a matter of discretion of the court." The May 18 Order at 6. The Court relied upon *Base Metal Trading, Ltd. v. Ojsc Novochuznetsky Aluminum Factory*, 283 F.3d 208, 216, n.3 (4th Cir. 2002) which was cited by plaintiffs in their memorandum for leave to conduct jurisdictional discovery. DE 43 at 5. Plaintiffs also relied upon *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, (3rd Cir. 2003) which held, "if a plaintiff presents factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts between [the party] and the forum state, the plaintiff's right to conduct jurisdictional discovery should be sustained." *Toys "R" Us* at 456 (internal quotes and citations omitted). DE 43 at 5.

In support of its decision to allow discovery, the Court references plaintiffs' numerous factual allegations that suggest with reasonable particularity the possible requisite contacts Ridgeway has

5

with North Carolina. The May18 Order at 5-6. The Court identified the following allegations in support of allowing discovery: (1) the Corporate Defendants are principally based in North Carolina, (2) Ridgeway had an on-going relationship with the Corporate Defendants, including being evaluated, disciplined, and paid a salary and benefits through North Carolina, (3) Ridgeway committed the alleged acts in Iraq with weaponry he was trained to use in North Carolina, (4) Ridgeway's supervisors were in North Carolina, and (5) Ridgeway's contract was drawn in North Carolina. *Id. The Court correctly observed that plaintiffs submitted an exemplar contract that plaintiffs assert contains boilerplate language similar to Ridgeway's contract with the Corporate Defendants and which "supports some of the allegations made by Plaintiffs, and in conjunction with Plaintiffs' other claims, ... provides sufficient basis to find that jurisdictional discovery is appropriate."* The May18 Order at 6 (emphasis supplied).

Ridgeway, however, questions the Court's reliance upon certain undisputed facts as "troublesome" (DE 82 at 4) and appears to believe that plaintiffs should have filed more papers after the Court granted the jurisdictional discovery. In his motion for reconsideration, Ridgeway states the following: "[p]laintiffs *still* have not identified a single piece of evidence which supports their contentions." DE 82 at 4 (emphasis in original). Plaintiffs are at a loss as to why Ridgeway is expecting additional evidence from plaintiffs at this juncture to further support their request for jurisdictional discovery, especially when the Court found specific facts "to support [plaintiffs'] allegations," and concluded that there is a "sufficient basis to find jurisdictional discovery is appropriate." The May18 Order at 6. Plaintiffs more than met the applicable standard for the Court to order jurisdictional discovery, and Ridgeway's expectation of more evidence from plaintiffs is perplexing when he refuses to answer discovery that has been served upon him.

6

2. **There is no merit to Ridgeway's argument that plaintiffs' Rule 34 document requests somehow constitute "new evidence" sufficient to support reconsideration of the May 18 Order or that they are overly broad .**

Ridgeway purports that "new evidence" has arisen which makes his motion for reconsideration appropriate. Ridgeway submits that plaintiffs' Rule 34 requests asking him to produce documents are "new evidence" sufficient for the Court to reverse itself. Like his re-arguments of legal theories already rejected by the Court, Ridgeway's reliance on "new evidence" to support his motion for reconsideration is similarly misplaced. Ridgeway continues to re-cite the Court to specific quotes in his original opposition papers, while re-arguing that plaintiffs have immediately "tread fully into the merits" with their discovery requests. DE 82 at 5. Ridgeway made the identical argument in his original opposition papers. DE 53 at 8. Plaintiffs' discovery requests are not "new evidence" and a motion for reconsideration is not the proper vehicle to object to the scope of discovery requests. *Miller v. Toyota Motor Corp.*, 2008 WL 1848357 *2 (M.D. Fla. 2008)(holding that, ***once plaintiffs are "allowed to conduct jurisdictional discovery . . . issues regarding the scope of discovery should not be litigated through a Motion for Reconsideration"***)(emphasis supplied). Likewise, Ridgeway's avoidance of responding to plaintiffs' discovery requests though a motion for reconsideration should not be allowed.

Despite having been served with proper jurisdictional discovery as allowed by this Court, and despite that the time in which he has been ordered to respond has passed, Ridgeway has neither produced a single document, nor served objections to plaintiffs' discovery, nor filed a motion for protective order. Despite having no basis to delay responding to plaintiffs' discovery requests, Ridgeway has taken no action to comply with the Court's May 18 or May 24 Orders. Ridgeway's only action has been to ask the Court to rethink what it has already decided so that he can avoid

responding to proper discovery. In support of his motion for reconsideration, Ridgeway attaches plaintiffs' Rule 34 document requests (DE 82-1) as Exhibit A. Ridgeway claims that "Numbers 12-20 in Plaintiffs [sic] Discovery Requests could not possibly relate to what Plaintiffs have alleged." DE 82 at 6. In fact, plaintiffs' discovery requests indicate the opposite. Ridgeway complains about the following discovery requests as purportedly having no relation to his contacts with North Carolina or to plaintiffs' allegations regarding training he received on weaponry used in Iraq:

> "12. A copy of your passport, including each and every page and every entry and exit stamp contained therein.
>
> 13. Any and all visas, travel letters, permits or other international travel authorization documents related to any completed or planned travel outside the United States by you in 2006, 2007 and/or 2008.
>
> 14. Any and all travel itineraries, schedules, airline tickets, transportation documents, confirmations, e-mail, correspondence or other items related to any completed or planned travel by you to or from North Carolina and/or outside the United States in 2006, 2007, and/or 2008."

Obviously, Ridgeway's travel documents, as requested in plaintiffs' document requests 12, 13 and 14, are relevant to show his contacts with North Carolina, especially if his passport stamps, visas, and/or airline tickets show that he traveled through North Carolina and/or that these documents were obtained by him in North Carolina. Additionally, plaintiffs have a good faith basis for belief that the Corporate Defendants arranged and paid for Ridgeway's travel to and from North Carolina and to and from Iraq. Plaintiffs intend to question Ridgeway at his deposition about those travel arrangements and his contacts with North Carolina related thereto. Plaintiffs have thus requested that Ridgeway produce items related to these narrow issues.

> "15. Your signed 'written acknowledgment form, agreeing to abide by the use-of-force policies set forth in the State Department Mission Firearms Policy for Iraq'

referenced in paragraph 6 of your November 18, 2008 Factual Proffer in Support of Guilty Plea.

16. The State Department Mission Firearms Policy for Iraq referenced in paragraph 6 of your November 18, 2008 Factual Proffer in Support of Guilty Plea.

17. Any and all items and/or documents provided to you or obtained by you, related to any training, instruction, directives, and/or compliance with the State Department Mission Firearms Policy for Iraq referenced in paragraph 6 of your November 18, 2008 Factual Proffer in support of Guilty Plea."

Ridgeway's "written acknowledgment" regarding the use-of-force policies in the Mission Firearms Policy for Iraq, the Policy itself, and related papers to any training Ridgeway received in compliance with the Policy, as requested in plaintiffs' document requests 15, 16 and 17, are relevant to Ridgeway's ongoing relationship with the Corporate Defendants and the acts allegedly committed by him in Iraq with weaponry upon which he was trained in North Carolina. As the Court noted in its May 18 Order (the May 18 Order at 6), plaintiffs want to confirm these allegations and Ridgeway's related contacts with North Carolina. Plaintiffs intend to question Ridgeway at his deposition regarding how and where he was instructed to comply with the Mission Firearms Policy and the weaponry he was trained to use in North Carolina. Plaintiffs have requested that Ridgeway produce these related documents so that plaintiffs can ask him questions about his training and when, where and how he was instructed in North Carolina to comply with these documents.

"18. Any and all statements made by you and recorded in any manner that relate to the allegations in plaintiffs' complaint."

As the Court noted in its May 18 Order, plaintiffs allege that "Ridgeway had an on-going relationship with Xe's Moyock, North Carolina office, including being evaluated, disciplined, and paid salary and benefits through that office." May 18 Order at 5. Plaintiffs intend to ask Ridgeway how those evaluations, and any discipline related to the September 16, 2007 shootings, occurred via

9

communications with his employer in North Carolina (including statements he may have given to his employer in North Carolina). Plaintiffs intend to ask Ridgeway if he was in North Carolina or communicating with his employer in North Carolina regarding these subjects. Since plaintiffs intend to question Ridgeway about these subjects at his deposition, they have requested documents that relate thereto.

"19. Any and all correspondence with any defendant in ths lawsuit."

Ridgeway has asserted in his Declaration (DE 37-3) in support of his Motion to Dismiss that he was either sent or received "hundreds of emails . . . during the course of [his] employment," (DE 37-3 at 3); yet, he refuses to present even a single piece of email correspondence to plaintiffs. In light of the subject of plaintiffs' other discovery requests, plaintiffs seek documents that relate to communications with the Corporate Defendants on those subjects to determine if there exists additional contacts with North Carolina.

"20. A copy of any personal identification card, item and/or document issued to you by any entity in 2006, 2007 and/or 2008."

Plaintiffs seek production of any identification cards (i.e., a Blackwater ID card, any weapons licenses, and/or insurance cards, etc.) to determine if they were issued to Ridgeway in North Carolina.

Presumably, Ridgeway concedes that numbers 1-11 of plaintiffs' Rule 34 discovery requests are proper - he just chooses not to respond. Although plaintiffs' discovery requests are narrowly tailored to Ridgeway's jurisdictional question, even if "the jurisdictional question intertwines with the merits of the case . . . some discovery on the merits may be permitted." *Wyatt v. Kaplan*, 686 F.2d 276, 283 (5th Cir. 1982)(citing 4 Moore's Federal Practice P. 26.70(2) at 26-520).

Ridgeway can't have it both ways - he can't raise personal jurisdiction as a defense and then continue to dodge discovery that will likely defeat that defense. He should either respond to the Court ordered discovery or withdraw his jurisdictional defense. Quite simply, Ridgeway does not like the fact that he is now faced with having to produce documents and that he has been noticed to appear and provide sworn testimony at a deposition.[2] Ridgeway appears to have filed his motion for reconsideration only to forestall his obligations to respond to plaintiffs' jurisdictional discovery. It is, however, "[a]n improper use of the motion to reconsider [to] waste judicial resources and obstruct the efficient administration of justice." *Duke Energy* at 474. (internal quotes and citations omitted.)

In summary, Ridgeway has not put forth a single basis for reconsideration that was not previously rejected by this Court and has made no showing that the Court's prior decision was clearly erroneous. As such, the Court should not allow Ridgeway to defy its Orders and should deny his motion for reconsideration.

Therefore, based on the foregoing, plaintiffs request that Ridgeway's motion for reconsideration be denied.

---

[2] Ridgeway has advised plaintiffs that he does not intend to appear and testify at his deposition currently noticed for June 16, 2010 (the day prior to the conclusion of the Court ordered jurisdictional discovery) until the Court has ruled on his motion for reconsideration.

11

This the 9th of June, 2010.

/s/ James A. Roberts, III
James A. Roberts, III
N.C. State Bar No. 10495
jimroberts@lewis-roberts.com
Brooke N. Albert
N.C. State Bar No. 36584
brookealbert@lewis-roberts.com

LEWIS & ROBERTS, PLLC
3700 Glenwood Avenue, Suite 410
Raleigh, NC 27612
Telephone:    919-981-0191
Facsimile:    919-981-0199

/s/ Paul R. Dickinson, Jr.
Paul R. Dickinson, Jr.
N.C. Bar No. 20510
pauldickinson@lewis-roberts.com
Gary V. Mauney
N.C. Bar No. 22190
garymauney@lewis-roberts.com

LEWIS & ROBERTS, PLLC
5960 Fairview Road, Suite 102
Charlotte, NC 28210
Telephone:    704-347-8990
Facsimile:    704-347-8929

*Attorneys for Plaintiffs*

# CERTIFICATE OF SERVICE

I hereby certify that on June 9, 2010, pursuant to Rule 5 of the Federal Rules of Civil Procedure, I served the foregoing as indicated below:

Eric H. Cottrell
ecottrell@mayerbrown.com
MAYER BROWN LLP
214 North Tryon Street, Suite 3800
Charlotte, NC 28202
(via e-mail)

Peter H. White
peter.white@srz.com
SCHULTE ROTH & ZABEL LLP
1152 15th St., N.W., Suite 850
Washington, DC 20005
(via e-mail)

*Attorneys for Defendants Xe Services, LLC, Blackwater Security Consulting LLC, U.S. Training Center, Inc., Raven Development Group LLC, GSD Manufacturing LLC, Prince Group, LLC, Total Intelligence Solutions LLC, Greystone Limited a/k/a Greystone Ltd., Terrorism Research Center, Incorporated, Technical Defense Associates, Incorporated, Aviation Worldwide Services, L.L.C., Guardian Flight Systems LLC, Presidential Airways, Inc., STI Aviation, Inc., Air Quest, Inc., Samarus Co. Ltd. and Erik Prince*

Paul K. Sun, Jr.
Paul.sun@elliswinters.com
ELLIS & WINTERS LLP
P. O. Box 33550
Raleigh, NC 27636
(via e-mail)

*Attorneys for Aviation Worldwide Services, L.L.C., Guardian Flight Systems LLC, Presidential Airways, Inc., STI Aviation, Inc., Air Quest, Inc., Samarus Co. Ltd.*

Keith Harrison Johnson
kjohnson@poynerspruill.com
POYNER SPRUILL LLP
P. O. Box 1810
301 Fayetteville St., Suite 1900
Raleigh, NC 27602-1801
(via e-mail)

Edward H. Maginnis
emaginnis@maginnislaw.com
MAGINNIS LAW, PLLC
6030 Creedmoor Road, Suite 200
Raleigh, NC 27612
(via e-mail)

*Attorneys for Defendants Donald Wayne Ball, Dustin L. Heard, Evan Shawn Liberty, Nicholas Abram Slatten, and Paul Alvin Slough*

*Attorneys for Defendant Jeremy P. Ridgeway*

In addition, I hereby certify that, pursuant to 28 U.S.C. § 2679(d)(3) and Federal Rule of Civil Procedure 4(i)(1) (previously Federal Rule of Civil Procedure 4(d)(4)), I served the foregoing by certified mail to each of the following:

George E.B. Holding
United States Attorney
R.A. Renfer, Jr.
Assistant United States Attorney
Chief, Civil Division
Eastern District of North Carolina
Terry Sanford Federal Building
310 New Bern Avenue, Suite 800
Raleigh, NC 27601-1461

/s/ Paul R. Dickinson, Jr.
Paul R. Dickinson, Jr.
N.C. Bar No. 20510
pauldickinson@lewis-roberts.com
LEWIS & ROBERTS, PLLC
5960 Fairview Road, Suite 102
Charlotte, NC 28210
Telephone:   704-347-8990
Facsimile:   704-347-8929

*Attorneys for Plaintiff*