IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| R. DANIEL BRADY ET AL., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Civil Action No. 5:09-CV-00449-BO |
| v. ) | |
| ) | |
| XE SERVICES LLC ET AL., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**CERTAIN DEFENDANTS' MOTION TO EXPEDITE REVIEW OF THEIR MOTION
FOR A PROTECTIVE ORDER BARRING RULE 30(B)(6) DEPOSITIONS**

Defendants Xe Services LLC, Blackwater Security Consulting LLC, and U.S. Training Center, Inc. (collectively, the "Moving Defendants") respectfully move the Court to expedite review of their Motion for a Protective Order Barring Rule 30(b)(6) Depositions. In support of this motion, the Moving Defendants state as follows.

1. As set forth in detail in the Moving Defendants' concurrently filed Motion for a Protective Order Barring Rule 30(b)(6) Depositions, Plaintiffs are attempting to use Rule 30(b)(6) depositions of the Moving Defendants to probe beyond the limits of jurisdictional discovery explicitly set forth by this Court in its Order of May 24, 2010. Dkt. No. 81. Defendants are therefore seeking a protective order barring these Rule 30(b)(6) depositions as overbroad, unduly burdensome, and a waste of time and resources.

2. Counsel for the Moving Defendants has made several good faith attempts to resolve the dispute as to the necessity of the Rule 30(b)(6) depositions without the Court's intervention, as detailed in the accompanying Motion for a Protective Order. Counsel did not receive a definitive response from Plaintiffs' counsel that they would insist on going forward

1

with the Rule 30(b)(6) depositions until this afternoon.  Defendants are therefore seeking the relief requested herein at the earliest opportunity.

3. In accordance with the accelerated schedule the Court has set for completing discovery on the question of personal jurisdiction over Defendant Jeremy Ridgeway, the Moving Defendants' Rule 30(b)(6) depositions are currently scheduled to take place three days from now, on June 17, 2010.

4. Local Rule 26.1(d) provides that "[a]ny motion relating to a discovery dispute shall be handled on an expedited basis."  The party opposing a discovery motion has 14 days to respond "unless otherwise ordered by the court."  L.R. 26.1(d)(2).

5. In light of the accelerated discovery schedule in place and the imminent date for the challenged Rule 30(b)(6) depositions, the Moving Defendants respectfully submit that expedited consideration of their Motion for a Protective Order is appropriate.  Defendants therefore respectfully suggest that the Court order Plaintiffs to respond to their Motion for a Protective Order on an expedited basis.

## CONCLUSION

For the foregoing reasons, it is appropriate for the Court to expedite review of the Moving Defendants' Motion for a Protective Order Barring Rule 30(b)(6) Depositions.

Dated: June 14, 2010

        Respectfully submitted,

        /s/ Eric H. Cottrell
        Eric H. Cottrell (N.C. Bar No. 21994)
        ecottrell@mayerbrown.com
        MAYER BROWN LLP
        214 North Tryon Street, Suite 3800
        Charlotte, North Carolina 28202
        (704) 444-3500
        (704) 377-2033 (fax)

        Peter H. White
        SCHULTE ROTH & ZABEL LLP
        1152 15th Street NW, Suite 850
        Washington, DC  20005
        (202) 729-7470
        (202) 730-4520 (fax)
        peter.white@srz.com

        *Attorneys for Defendants Xe Services LLC, Blackwater Security Consulting LLC and U.S. Training Center, Inc.*

## CERTIFICATE OF COMPLIANCE WITH FED. R. CIV. P. 26(c) AND L.R. 7.1(c)

Pursuant to Fed. R. Civ. P. 26(c) and Local Rule 7.1(c), Defendants' undersigned counsel hereby certifies that a good faith effort has been made to resolve the discovery matters at issue prior to placing this matter before the Court.

Dated: June 14, 2010

                                         /s/ Eric H. Cottrell
                                         Eric H. Cottrell

# CERTIFICATE OF SERVICE

       I hereby certify that on June 14, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

| | |
|---|---|
| James A. Roberts III<br>jimroberts@lewis-roberts.com<br>Brooke N. Albert<br>brookealbert@lewis-roberts.com<br>LEWIS & ROBERTS, PLLC<br>3700 Glenwood Avenue, Suite 410<br>Raleigh, NC 27612 | Paul R. Dickinson, Jr.<br>pauldickinson@lewis-roberts.com<br>Gary V. Mauney<br>garymauney@lewis-roberts.com<br>LEWIS & ROBERTS, PLLC<br>5960 Fairview Road, Suite 102<br>Charlotte, NC 28210 |

*Attorneys for Plaintiffs*

Edward Maginnis
emaginnis@maginnislaw.com
MAGINNIS LAW
6030 Creedmoor Road
Raleigh, NC 27612

*Attorneys for Defendant Jeremy P. Ridgeway*

Keith Harrison Johnson
kjohnson@poynerspruill.com
Poyner Spruill LLP
P.O. Box 1801
301 Fayetteville St., Suite 1900
Raleigh, NC 27602-1801

*Attorneys for Defendants Donald Wayne Ball, Dustin L. Heard, Evan Shawn Liberty, Nicholas Abram Slatten and Paul Alvin Slough*

Paul K. Sun, Jr.
Paul.sun@elliswinters.com
Andrew Chamberlin
Andrew.Chamberlin@elliswinters.com
ELLIS & WINTERS LLP
Post Office Box 33550
Raleigh, NC 27636

*Attorneys for Defendants Aviation Worldwide Services, L.L.C., Guardian Flight Systems LLC, Presidential Airways, Inc., STI Aviation, Inc., Air Quest, Inc. and Samarus Co. Ltd.*

                                                   /s/ Eric H. Cottrell
                                                   Eric H. Cottrell