IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Case 5:09-cv-449-BO

| | |
|---|---|
| R. DANIEL BRADY, ET AL., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | **PLAINTIFFS' RESPONSE TO** |
| vs. ) | **CERTAIN BLACKWATER** |
| ) | **DEFENDANTS' MOTION FOR** |
| XE SERVICES LLC, ) | **PROTECTIVE ORDER BARRING** |
| BLACKWATER SECURITY CONSULTING ) | **RULE 30(b)(6) DEPOSITIONS** |
| LLC, ET AL., ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiffs, pursuant to Local Civil Rule 7.1, and responding to defendants Xe Services, LLC, Blackwater Security Consulting, LLC and U.S. Training Center, Inc.'s (the "Blackwater defendants" or "Blackwater") Motion and Incorporated Memorandum of Law for a Protective Order Barring Rule 30(b)(6) Depositions (the "Motion"), show unto the Court the following:

**SUMMARY OF THE CASE**

This matter was originally filed on September 15, 2009 in the North Carolina Superior Court for Wake County and removed to the Eastern District of North Carolina on October 15, 2009. DE 1. The plaintiffs' claims center on the tragic events of September 16, 2007 in Baghdad, Iraq. Plaintiffs allege that on that day, defendant Jeremy P. Ridgeway ("Ridgeway") and others, as employees of the Blackwater defendants, needlessly injured and/or killed the plaintiffs and/or their family members. Ridgeway entered a guilty plea in the United States District Court for the District of Columbia based on the events of September 16, 2007.

In response to plaintiffs' complaint, Ridgeway filed a motion to dismiss (DE 37) and supporting Declaration (DE 37-3), asserting that the Court lacks personal jurisdiction over him in this action.

Plaintiffs then moved the Court for leave to conduct jurisdictional discovery (DE 47) seeking to discover certain information related to Ridgeway's contacts with North Carolina.

The Court granted plaintiffs' motion for leave to conduct jurisdictional discovery (DE 74) on May 18, 2010 and ordered that "plaintiffs have thirty (30) days from the filing date of th[e] Order to conduct jurisdictional discovery" (the "May 18 Order"). Plaintiffs immediately served jurisdictional discovery upon Ridgeway by hand delivery on May 18, 2010. Plaintiffs' jurisdictional discovery to Ridgeway included document requests and a deposition noticed for the morning of June 17, 2010 - thirty (30) days after plaintiffs served jurisdictional discovery on Ridgeway.[1]

The next day, on May 19, 2010, plaintiffs also served document requests and a Fed. R. Civ. P. 30(b)(6) deposition notice (DE 90-2) (the "30(b)(6) deposition") upon the Blackwater defendants by hand delivery. The 30(b)(6) deposition was noticed for the afternoon of June 17, 2010 - thirty (30) days after the May 18 Order - and documents were requested to be produced by Blackwater at the 30(b)(6) deposition.

On May 19, 2010, plaintiffs also moved the Court to shorten the time within which all defendants must respond to the jurisdictional discovery. DE 77. On May 24, 2010 the Court granted plaintiffs' motion to shorten time (DE 81) and ordered defendants to "respond to jurisdictional discovery requests within fourteen (14) days from the date of service." The Court has now ordered (DE 96) that the time by which the jurisdictional discovery must be completed is extended to July 21, 2010.

---

[1]On May 8, 2010 Ridgeway filed a motion for the Court to reconsider (DE 82) its May 18 Order and plaintiffs filed their response (DE 87) on June 9, 2010. Ridgeway has advised plaintiffs that he does not intend to respond to plaintiffs' document requests or appear for his deposition until the Court rules on the motion for reconsideration.

2

On May 26, 2010, plaintiffs served thirteen (13) interrogatories and three (3) additional document requests (DE 90-3) upon the Blackwater defendants.[2] Blackwater timely served objections and responses to the written discovery requests, but produced only limited documents to plaintiffs.

Blackwater has now filed its Motion seeking a protective order to prohibit plaintiffs from obtaining sworn testimony on the subjects sought by plaintiffs to defeat Ridgeway's personal jurisdiction defense.

**BLACKWATER CANNOT MEET ITS BURDEN TO SHOW THAT THE 30(b)(6) DEPOSITION SHOULD NOT PROCEED AS NOTICED**

*"The moving party bears the burden of showing good cause and reasonableness" before a protective order can be granted.* Kron Medical Corp. v. Groth, 119 F.R.D. 636, 637 (M.D.N.C. 1988)(emphasis added). *"Motions for a protective order which seek to prohibit or delay discovery are not favored."* Id. (emphasis added). *"In considering such motions, the Court needs to remain mindful of its responsibility to expedite discovery and minimize delay."* Id. (emphasis added).

Plaintiffs' discovery requests and the topics of the 30(b)(6) deposition are directly related to Ridgeway's personal jurisdictional defense and Blackwater should not be allowed to avoid discovery on this topic. Plaintiffs assert that both specific and general jurisdiction exist regarding Ridgeway's contacts with North Carolina. "Specific jurisdiction is established where the forum state asserts personal jurisdiction over a defendant in a suit '*arising out of or related to*' the defendant's contacts with the state." *Regent Lighting Corp. v. Galaxy Electrical Manf.*, 933 F.Supp. 507, 510 (M.D.N.C. 1996)(emphasis added)(quoting *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414, n. 8 (1984)). General

---

[2] On May 26, 2010, plaintiffs also amended Ridgeway's and the Rule 30(b)(6) deposition notices to occur on successive days (June 16 and 17, 2010) so that the parties would not be forced to complete two depositions on June 17, 2010. Blackwater's argument that the 30(b)(6) deposition was amended from 1:00 pm to 9:00 am on June 17, 2009 "to allow for a full day of questioning" (Motion at 2) is without merit.

3

jurisdiction "may arise from the defendant's general, more persistent, but unrelated contacts with the State." *PCS Phosphate Co. Inc. v. Norfolk Southern, Corp.*, 520 F.Supp. 705, 712 (E.D.N.C. 2007)(internal quotes and citation omitted).

"The basis of personal jurisdiction . . . is North Carolina's long-arm statute, which allows the exercise of personal jurisdiction to the limits allowed by due process." *Hardees Food Systems, Inc. v. Rosenblatt*, 44 F.Supp. 767, 769 (E.D.N.C. 1998). "If the exercise of personal jurisdiction. . . comports with due process, as outlined in *Burger King* and its progeny," personal jurisdiction will exist. *Id.* (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985)). *"The constitutional touchstone of this due process inquiry is whether the defendant purposefully established minimum contacts in the forum." Id.* (internal quotes and citation omitted). Plaintiffs seek discovery from the Blackwater defendants to show that Ridgeway did purposefully establish sufficient minimum contacts with North Carolina to fall within the due process of the Constitution. As such, the topics of the 30(b)(6) deposition are narrowly tailored to confirm Ridgeway's contact with North Carolina and determine how plaintiffs' claims "arise out of" or "relate to" those contacts.

1.  **The Blackwater defendants misstate law and facts in support of their Motion.**

Blackwater claims that the 30(b)(6) deposition "exceed[s] the scope of the limited jurisdictional inquiry, [is] unduly burdensome, and seek[s] to duplicate the information Plaintiffs have sought and obtained through their other discovery requests." Motion at 1-2. Blackwater's assertions lack any basis in law or fact and are nothing more than pure boilerplate hyperbole. Not only are the topics of the 30(b)(6) deposition directly related to the existence of the Court's specific and general jurisdiction over Ridgeway (as is shown herein), *it is very difficult to understand how one deposition in Blackwater's home state is unduly burdensome*. Further, not only do the topics of the 30(b)(6) deposition not "duplicate" other discovery, but "duplication" is not a valid basis to avoid providing

4

testimony. At this point, Blackwater does not want any deposition to occur, even to authenticate and discuss the documents already produced (and to discuss documents that may be responsive but were not produced).

There is *"no principle of law that precludes a party from pursuing during a deposition a topic about which it has already received information via other discovery devices...[T]he fact that information has been provided to plaintiff[s] concerning a particular category does not, in itself, make that category an impermissible subject of a 30(b)(6) deposition."* Spicer v. Universal Forest Products, 2008 WL 4455854 *5 (W.D. Va. 2008)(emphasis added)(quoting *Tri-State Hosp. Supply Corp. v. United States*, 226 F.R.D. 118 (D.D.C. 2005)).

Blackwater also misstates the "basic facts" it claims "are not in dispute." Motion at 1. Blackwater purports that Ridgeway "went through a *two-week training cycle* in North Carolina." *Id.* (emphasis added). Documents produced by Blackwater, however, indicate that the training cycle in question lasted *three weeks* between November 1, 2006 and November 21, 2006. Exhibit A. Either Blackwater's representation about the length of the training cycle is wrong, or some of the days - and hence some of the specific training he obtained between November 1 and 21, 2006 - occurred outside of North Carolina. Plaintiffs should be allowed to question Blackwater about the location and nature of the training on those specific days and how Ridgeway's actions on September 16, 2007 in Iraq "arise out of or relate to" such training in North Carolina.

In support of their Motion, the Blackwater defendants also attached "a full inventory (DE 90-4) of documents produced." Motion at 4. While Blackwater's "inventory" appears at first blush to be a long list of documents - and obviously was created to impress the Court with how Blackwater has produced documents - the actual documents produced shed little light on the information sought by plaintiffs.

5

For example, plaintiffs were referred by Blackwater's counsel to Exhibit A which purports to be a "spreadsheet listing Ridgeway's evaluation scores for all of his skills." DE 90-4 at 1. What Exhibit A fails to identify however is *w h e re* Ridgeway's skills were evaluated. Since Ridgeway has claimed that he "spent each night and some of the days" of the relevant training period outside of North Carolina (DE 37-3 at 3), plaintiffs should be allowed to question Blackwater about where Ridgeway was evaluated on specific days and where he underwent his training during the three weeks between November 1, 2006 and November 21, 2006.

> 2. **The 30(b)(6) deposition topics seek information limited to Ridgeway's contacts with - and his presence in - North Carolina.**

Each of the 30(b)(6) deposition topics was drafted to allow inquiry into Ridgeway's contacts with North Carolina - such as where he was physically located when he submitted documents to his North Carolina based employer, or where he was physically located when he was trained and evaluated for his work with his North Carolina employer - and whether plaintiffs' allegations "arise out of or relate to" these topics. Plaintiffs seek to obtain clear information regarding Ridgeway's contacts with - and presence in - North Carolina and how such contacts "relate to" his actions in Iraq.

The complete list of topics of the 30(b)(6) deposition (DE 90-2), and plaintiffs' support regarding the relevance of each topic, is as follows:

> "1. The complete personnel file of Jeremy P. Ridgeway, including but not limited to all employment contracts, applications for employment, proficiency ratings, reviews, W-2 forms, 1099 forms, I-9 forms, W-4 forms, evaluations, reprimands, or other items and/or documents related to his employment with any defendant in this lawsuit."

Plaintiffs seek to question Blackwater about how these documents were completed by Ridgeway and provided to Blackwater (either in person in North Carolina or by other means). This topic is applicable to determining general jurisdiction.

6

> "2. Any and all training, vetting process, interview process and/or testing of Jeremy P. Ridgeway by any defendant in this lawsuit, including any and all items and/or documents related thereto."

Plaintiffs seek to question Blackwater regarding the physical location of such training in North Carolina and determine if the training is "related to" plaintiffs' allegations against Ridgeway. This topic is applicable to determining both general and specific jurisdiction.

> "3. All pay stubs, pay receipts, deposit notices or other items and/or documents related to Jeremy P. Ridgeway's pay, compensation, wages and/or income for his work with any defendant in this lawsuit."

Plaintiffs seek to question Blackwater about whether or not Ridgeway completed any payroll documents while he was physically located in North Carolina or submitted them to his employer in North Carolina. This topic is applicable to determining general jurisdiction.

> "4. The WPPS II contract applicable to Jeremy P. Ridgeway's employment with any defendant in this lawsuit.
>
> 5. Jeremy P. Ridgeway's written acknowledgment agreeing to abide by the use-of-force policies set forth in the State Department Mission Firearms Policy for Iraq.
>
> 6. The State Department Mission Firearms Policy for Iraq applicable to Jeremy P. Ridgeway's employment with any defendant in this lawsuit."

Blackwater has not produced the documents related to these topics. Plaintiffs seek to question Blackwater regarding any training Ridgeway obtained from his employer in North Carolina pursuant to the WPPS II contract, use-of-force policies or the Mission Firearms Policy, and whether such training is "related to" plaintiffs' allegations against Ridgeway. These topics are applicable to determining both general and specific jurisdiction.

> "7. Any and all items and/or documents related to any claim for worker's compensation and/or disability by Jeremy P. Ridgeway."

Plaintiffs seek to question Blackwater about whether Ridgeway completed any worker's compensation and/or disability claim forms while he was physically located in North Carolina or

7

submitted them to his employer in North Carolina. This topic is applicable to determining general jurisdiction.

> "8. Jeremy P. Ridgeway's work with any defendant in this lawsuit, including any and all manuals, directives, instructions, handbooks, guidelines or other items and/or documents related thereto."

Plaintiffs seek to question Blackwater about where Ridgeway received any training on the identified documents, and whether the documents were provided to Ridgeway while he was physically located in North Carolina. This topic is applicable to determining both general and specific jurisdiction.

> "9. Any and all travel itineraries, schedules, airline tickets, transportation documents, confirmations, e-mail, correspondence or other items related to any completed or planned travel by Jeremy P. Ridgeway to or from North Carolina and/or outside the United States in 2006, 2007 and/or 2008."

Plaintiffs seek to question Blackwater about any travel by Ridgeway to North Carolina and contacts Ridgeway had with his employer in North Carolina related to travel paid by his employer. This topic is applicable to determining general jurisdiction.

> "10. Any and all items and/or documents produced to Jeremy P. Ridgeway related to any training, instructions, directives, and/or compliance with the State Department Mission Firearms Policy and/or Task Order 6 of the WPPS II."

Plaintiffs seek to question Blackwater regarding any training Ridgeway obtained from his employer in North Carolina pursuant to the State Department Mission Firearms Policy and/or Task Order 6 of the WPPS II and whether such training is "related to" plaintiffs' allegations against Ridgeway. This topic is applicable to determining both general and specific jurisdiction.

> "11. Any and all statements by Jeremy P. Ridgeway, recorded in any manner, that relate to the allegations in plaintiffs' complaint."

Blackwater has not produced any documents related to this topic. Plaintiffs seek to question Blackwater about any communications, contacts, or investigation Ridgeway was involved in after the

8

subject incident. Any contacts Ridgeway had with his North Carolina employer about the subject incident are applicable to determining both general and specific jurisdiction.

> "12. Any and all correspondence between Jeremy P. Ridgeway and any defendant in this lawsuit."

Any correspondence Ridgeway had with his North Carolina based employer is applicable to determining general jurisdiction.

> "13. Any and all training manuals, directives, instructions, handbooks, guidelines, procedures, materials, items and/or documents used during any vetting, training and/or interview process of Jeremy P. Ridgeway."

Plaintiffs seek to question Blackwater regarding the location of such vetting, training and/or interviewing process and to determine if it is "related to" plaintiffs' allegations against Ridgeway. This topic is applicable to determining both general and specific jurisdiction.

> "14. Any and all employment requirements for the hiring of Jeremy P. Ridgeway."

Plaintiffs seek to question Blackwater regarding any requirements of Ridgeway's employment such as mandatory attendance in North Carolina. This topic is applicable to determining both general and specific jurisdiction.

> "15. Any and all communications had by any defendant with Jeremy P. Ridgeway, including the subject, time, manner and date of such communication."

Any communications Ridgeway had with his North Carolina based employer are applicable to determining general jurisdiction.

> "16. The '164-hour Training Program' referenced in the Corporate Defendants' Motion to Substitute The United States in Place of Corporate Defendants Pursuant to the Westfall Act."

Plaintiffs seek to question Blackwater regarding the location of such training and to determine if it is "related to" plaintiffs' allegations against Ridgeway. This topic is applicable to determining both general and specific jurisdiction.

"17. Any and all physical facilities of defendants located in North Carolina."

Plaintiffs seek to question Blackwater about its facilities to determine the physical location of the grounds on which Ridgeway was trained and evaluated. Since Ridgeway states in his declaration (DE 37-3) that some of his attendance during the training sessions occurred in Virginia (and Blackwater's facilities are admittedly near the North Carolina/Virginia state line), plaintiffs seek to clarify that the training occurred in North Carolina. This topic is applicable to determining both general and specific jurisdiction.

While plaintiffs assert that evidence currently exists to show that Ridgeway maintained the requisite minimum contacts with North Carolina for personal jurisdiction over him, plaintiffs are mindful of their burden to prove the existence of sufficient contacts and seek to discover all relevant information to overcome their burden. A limited deposition to question Blackwater about such topics is proper. Blackwater's Motion should be denied and plaintiffs should be allowed to proceed with the 30(b)(6) deposition to address these limited areas.

WHEREFORE, plaintiffs request that Blackwater's Motion be denied and that the Blackwater defendants be ordered to submit to a 30(b)(6) deposition prior to July 21, 2010.

Respectfully submitted, this 25th day of June, 2010.

| | |
|---|---|
| /s/ James A. Roberts, III | /s/ Paul R. Dickinson, Jr. |
| James A. Roberts, III | Paul R. Dickinson, Jr. |
| N.C. State Bar No. 10495 | N.C. State Bar No. 20510 |
| jimroberts@lewis-roberts.com | pauldickinson@lewis-roberts.com |
| Brooke N. Albert | Gary V. Mauney |
| N.C. State Bar No. 36584 | N.C. Bar 22190 |
| brookealbert@lewis-roberts.com | garymauney@lewis-roberts.com |
| LEWIS & ROBERTS, PLLC | LEWIS & ROBERTS, PLLC |
| 3700 Glenwood Avenue, Suite 410 | 5960 Fairview Road, Suite 102 |
| Raleigh, NC 27612 | Charlotte, NC 28210 |
| Telephone:   919-981-0191 | Telephone:   704-347-8990 |
| Facsimile:   919-981-0199 | Facsimile:   704-347-8929 |

*Attorneys for Plaintiffs*

# CERTIFICATE OF SERVICE

I hereby certify that on June 25, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participants:

Eric H. Cottrell
ecottrell@mayerbrown.com
MAYER BROWN LLP
214 North Tryon Street, Suite 3800
Charlotte, NC 28202

Peter H. White
peter.white@srz.com
SCHULTE ROTH & ZABEL LLP
1152 15th St., N.W., Suite 850
Washington, DC 20005

*Attorneys for Defendants Xe Services, LLC, Blackwater Security Consulting LLC, U.S. Training Center, Inc., Raven Development Group LLC, GSD Manufacturing LLC, Prince Group, LLC, Total Intelligence Solutions LLC, Greystone Limited a/k/a Greystone Ltd., Terrorism Research Center, Incorporated, Technical Defense Associates, Incorporated, Aviation Worldwide Services, L.L.C., Guardian Flight Systems LLC, Presidential Airways, Inc., STI Aviation, Inc., Air Quest, Inc., Samarus Co. Ltd. and Erik Prince*

Paul K. Sun, Jr.
Paul.sun@elliswinters.com
ELLIS & WINTERS LLP
P. O. Box 33550
Raleigh, NC 27636

*Attorneys for Aviation Worldwide Services, L.L.C., Guardian Flight Systems LLC, Presidential Airways, Inc., STI Aviation, Inc., Air Quest, Inc., Samarus Co. Ltd.*

Keith Harrison Johnson
kjohnson@poynerspruill.com
POYNER SPRUILL LLP
P. O. Box 1810
301 Fayetteville St., Suite 1900
Raleigh, NC 27602-1801

*Attorneys for Defendants Donald Wayne Ball, Dustin L. Heard, Evan Shawn Liberty, Nicholas Abram Slatten, and Paul Alvin Slough*

Edward H. Maginnis
emaginnis@maginnislaw.com
MAGINNIS LAW, PLLC
6030 Creedmoor Road, Suite 200
Raleigh, NC 27612

*Attorneys for Defendant Jeremy P. Ridgeway*

In addition, I hereby certify that, pursuant to 28 U.S.C. § 2679(d)(3) and Federal Rule of Civil Procedure 4(i)(1) (previously Federal Rule of Civil Procedure 4(d)(4)), I served the foregoing by mail to each of the following non-CM/ECF participants:

> George E.B. Holding
> United States Attorney
> R.A. Renfer, Jr.
> Assistant United States Attorney
> Chief, Civil Division
> Eastern District of North Carolina
> Terry Sanford Federal Building
> 310 New Bern Avenue, Suite 800
> Raleigh, NC 27601-1461

/s/ Paul R. Dickinson, Jr.
Paul R. Dickinson, Jr.
N.C. Bar No. 20510
pauldickinson@lewis-roberts.com
LEWIS & ROBERTS, PLLC
5960 Fairview Road, Suite 102
Charlotte, NC 28210
Telephone: 704-347-8990
Facsimile: 704-347-8929

*Attorneys for Plaintiff*