IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:09-CV-449-BO

| | |
|---|---|
| R. DANIEL BRADY, ET AL. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| XE SERVICES LLC, ET AL., ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the Court on Defendant Ridgeway's Motion for Reconsideration; Corporate Defendants' Motion for a Protective Order Barring Rule 30(B)(6) Depositions; and Plaintiffs' Motion to Seal. For the reasons below, Defendant Ridgeway's Motion is DENIED. The Corporate Defendants' Motion for a Protective Order is GRANTED IN PART and DENIED IN PART. Plaintiffs' Motion to Seal is GRANTED.

## BACKGROUND

R. Daniel Brady, as estate administrator, has filed a lawsuit on behalf of nine Iraqi citizens: three decedents; a family member of each decedent; and three injured, in an alleged unprovoked attack by XE Services LLC-Blackwater Consulting LLC ("XE") operatives at a traffic circle known as Nisoor Square, in Baghdad, Iraq on September 16, 2007. Plaintiffs name 23 Defendants: Xe Services, formerly known as Blackwater Security Consulting; Eric Prince, the owner of Blackwater; fourteen other companies Plaintiffs allege are a part of XE Services (collectively the "Corporate Defendants"); and six individuals accused of personally taking part in the attack, including Defendant Ridgeway.

On May 17, 2010, this Court denied Plaintiffs' Motion to Remand, but granted their Motion to conduct limited jurisdictional discovery.

## DISCUSSION

<u>Motion for Reconsideration</u>

Defendant Ridgeway has filed a Motion for Reconsideration pursuant to Fed. R. Civ. P. Rule 59(e). However, Rule 59(e) is only applicable to a final judgment. *Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1469 (4th Cir. 1991). In this case, a Motion for Reconsideration would have to be filed pursuant to Rule 54(b), or taken up *sua sponte*, in order for this Court to review a prior interlocutory order. *Id.* Even had Ridgeway properly filed his Motion for Reconsideration however, his motion would still be denied.

When personal jurisdiction is challenged under 12(b)(2) of the Federal Rules of Civil Procedure, the burden is on the plaintiff to prove grounds for jurisdiction by a preponderance of the evidence. The decision of whether to permit jurisdictional discovery is a matter of discretion of the court. *See Base Metal Trading, Ltd. V. Ojsc Novochuznetsky Aluminum Factory*, 283 F.3d 208, 216, n.3 (4th Cir. 2002). This Court, in its May 17, 2010 Order, found that Plaintiffs had presented sufficient facts to reasonably suggest the possible existence of the required contacts between Ridgeway and the State of North Carolina to find personal jurisdiction. *See Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3rd Cir. 2003).

Plaintiffs did not merely present speculation and conclusory assertions about contacts with the forum state. Plaintiffs presented a contract for another independent contractor, that they alleged was similarly situated as Ridgeway. While this contract, even if Ridgeway's is identical, may or may not be sufficient to establish the requisite contacts with the forum state, agreeing to a forum state's choice of law may suggest Ridgeway availed himself to that state. In addition, it is

undeniable that Ridgeway did spend some time in North Carolina. It is also undeniable that Ridgeway had an ongoing relationship with one or more of the Corporate Defendants, many of whom are based in North Carolina. Plaintiffs have raised more than enough questions and supporting facts as to personal jurisdiction to justify a limited time period for jurisdictional discovery. Accordingly, Defendant Ridgeway's Motion for Reconsideration is DENIED.

Motion for a Protective Order

Corporate Defendants have filed a Motion for Protective Order barring Rule 30(B)(6) depositions, pursuant to Fed. R. Civ. P. 26(c)(1). Plaintiffs seek to conduct depositions of Corporate Defendants as part of the jurisdictional discovery this Court granted. As Corporate Defendants point out, the single issue this Court authorized discovery on is whether Defendant Ridgeway's contacts with the forum State are sufficient to establish jurisdiction over him. In a May 21, 2010 Order, this Court reiterated that "the scope of jurisdictional discovery is limited to determining whether this Court has personal jurisdiction over Defendant Ridgeway," (D.E. #81), and will not be used as a fishing expedition for general discovery.

A district court may limit "the frequency or extent of use of the discovery methods otherwise allowed" under the Federal Rules of Civil Procedure if it concludes that "(i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2)(C).

In this case, it is Defendant Ridgeway's personal jurisdiction that is in question, not the Corporate Defendants. Plaintiffs are attempting to gain a mixture of relevant information that

serves the limited scope of the jurisdictional discovery granted by this Court, and information completely outside the bounds of relevance to this limited discovery question.

Therefore the Defendants' Motion for Protective Order barring Rule 30(B)(6) depositions is GRANTED IN PART and DENIED IN PART. Plaintiffs may conduct their depositions, however, questioning is limited to the scope of the information in the documents already provided, as well as their authenticity, the completeness of the information turned over, and information related to Defendant Ridgeway, including, but not limited to his specific contacts and activities in North Carolina or with parties in North Carolina. Except to information as to where Defendant Ridgeway received actual possession of them, the contents of specific training manuals, handbooks, guidelines, etc., are outside the bounds of the deposition and jurisdictional discovery. Additionally, the State Department Mission Firearms Policy for Iraq, statements by Defendant Ridgeway and communications between Defendants, drawings or plans of Defendants' physical facilities, etc. are not relevant to the limited issue of whether Defendant Ridgeway's contacts with North Carolina are sufficient to convey personal jurisdiction.

Motion to Seal

Plaintiffs' have also filed a Motion to Seal Exhibit A (D.E. #98) of Plaintiffs' Response to Certain Blackwater Defendants' Motion for Protective Order Barring Rule 30(b)(6) Depositions (D.E. #97). For good cause shown and by consent, the Motion is GRANTED.

## CONCLUSION

Accordingly, Defendant Ridgeway's Motion for Reconsideration is DENIED. The Corporate Defendants' Motion for a Protective Order is GRANTED IN PART and DENIED IN PART. Corporate Defendants' Motion for Expedited Review of their Motion for Protective Order is DISMISSED as MOOT. Plaintiffs' Motion to Seal is GRANTED.

SO ORDERED.

This __6__ day of July, 2010.

                                      *Terrence W. Boyle*
                                      TERRENCE W. BOYLE
                                      UNITED STATES DISTRICT JUDGE