IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | | |
|---|---|---|
| R. DANIEL BRADY, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 5:09-CV-00449-BO |
| | ) | |
| XE SERVICES LLC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### **PROTECTIVE ORDER**

All Plaintiffs and Defendants in this action hereby enter into, and submit for the Court's approval, this Stipulation and Protective Order ("Order") for the protection of confidential information during the course of this litigation, as follows:

1. "Confidential Information" shall mean information (regardless of how generated, stored, or maintained), documents, testimony, or tangible things obtained during discovery in this action that reveal a trade secret, sensitive or confidential corporate information, information that is governed by a contractual obligation with the United States, or that otherwise is entitled to protective treatment under the Federal Rules of Civil Procedure, and personal information of the type protected from disclosure by the Freedom of Information Act or similar statutes and regulations, or otherwise is entitled to protection from public disclosure. This Order shall govern the use and dissemination of all documents, material, or information designated as Confidential Information in accordance with the terms of this Order.

2. Confidential Information shall be used solely for the purpose of conducting this litigation in good faith and not for any business, personal or other purpose whatsoever.

3. This Order shall apply to pre-trial proceedings in this action and shall have no application at trial. The parties agree to confer in good faith on a protective order to govern during trial in this matter. This Order, however, shall remain in effect until such time as an order to govern the trial proceedings is entered.

4. Each party shall have the ability to designate prior to or after production any documents or other media that contain Confidential Information, as defined in Paragraph 1.

5. The designation "Confidential Information" shall be made by affixing on the document or material containing such information the following words: "**CONFIDENTIAL — SUBJECT TO PROTECTIVE ORDER.**" Any material, document, or information for which it is impracticable to affix such a legend may be designated by written notice to that effect with a reasonable description of the material in question.

6. A party that produces documents in electronic form in native format may insert the phrase "**CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER**" and a bates or hash number into the document.

7. If a party disagrees with a producing party's designation of information as Confidential Information, or disputes the limitations on access to be accorded such information under this Order, that party shall provide the producing party with written notice of its disagreement and specifically identify the information or restriction on access in dispute. If, despite a good faith effort, the dispute cannot be resolved informally by the parties within five (5) court days of the producing party's receipt of the written notice, the party contesting the designation or restriction on access may seek a determination from the Court with respect to the propriety of the designation. The producing party shall then have five (5) court days from the filing of a motion contesting the designation or restriction on access to file an opposition, following which the contesting party will have three (3) court days to file a reply. The

2

Confidential Information designation and the restrictions on access shall remain on the information in dispute until the Court rules on the motion. It shall be the burden of the designating party to show why the designation is proper. Nothing in this paragraph shall prohibit the party disputing the designation from receiving the information or documents in dispute, or using the documents or information in dispute for the purpose of conducting this litigation while the dispute over the designation is pending.

8. Confidential information may be disclosed to the following persons only:

   (a) attorneys of record for all parties in the case and their associated lawyers, their legal assistants, their paralegals, and their secretarial and clerical employees, who are actually engaged in assisting them in this litigation;

   (b) outside experts, including but not limited to expert witnesses, consultants, and other providers of specialized services and their clerical assistants who are actually engaged in assisting the attorneys of record and other authorized persons in the preparation or conduct of this litigation, but only upon the execution by such person, prior to such disclosure, of a confidentiality agreement in the form attached hereto as Attachment A, which shall be retained by the attorney of record for the party that discloses such Confidential Information;

   (c) outside vendors, including but not limited to document reproduction vendors and electronic discovery/production vendors who are actually engaged in assisting the attorneys of record and other authorized persons in the preparation or conduct of this litigation;

3

(d) the parties and any non-party deposition or trial witness to whom, in the judgment of an attorney of record, disclosure of such material is required in order to assist such attorney in the preparation or the conduct of this litigation;

(e) insurance representatives of either party who are or may be monitoring the discovery produced in this matter pursuant to defense and indemnity obligations arising under applicable insuring agreements;

(f) the Court and its personnel in this action (including any relevant appellate court), court reporters and their staff, to whom disclosure is reasonably necessary for this litigation.

9. The parties are prohibited from disseminating, describing, or otherwise disclosing Confidential Information (or any portion thereof) to the press and public relations firms.

10. Confidential Information shall be kept in such a manner that only those authorized may have access to it.

11. Depositions, or portions thereof, may be designated Confidential Information by counsel for the deponent. Designation of Confidential Information may be made on the record at deposition or in writing to the other parties no later than five (5) days after receipt of the final, unsigned deposition transcript. The same process for challenging designations for documents set forth above in paragraph 7 shall apply to designations made with respect to depositions. Nothing in this paragraph or the remainder of this Order shall prohibit the parties from using Confidential Information when questioning witnesses during depositions, nor are deposition witnesses required to execute a confidentiality agreement in the form attached hereto as Attachment A.

12. A party filing documents with the Court that it has designated as containing Confidential Information must file the documents under seal in compliance with EDNC Local Civil Rule 79.2 and Section T of the ECF Administrative Policies and Procedures Manual.

4

Except for motions filed under seal in accordance with Section T(1)(a)7 of the ECF Administrative Policies and Procedures Manual, each time a party seeks to file documents that it has designated as containing Confidential Information under seal, said party shall accompany the request with a motion to seal. The motion to seal may be filed without a supporting memorandum only if the filing party can cite a statute or rule (federal, local or standing order) that requires the filing to be sealed. The supporting memorandum shall address the following issues with regard to the documents sought to be sealed:

> (i) the exact document or item, or portions thereof, for which filing under seal is requested;
> (ii) how such request to seal overcomes the common law or the First Amendment presumption to access;
> (iii) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interest in access;
> (iv) the reasons why alternatives to sealing are inadequate; and
> (v) whether there is consent to the motion.

In addition to the motion and supporting memorandum, the filing party must set out such findings in a proposed order to seal, which should be submitted in accordance with Section M of the ECF Administrative Policies and Procedures Manual. The motion to seal shall be a public document and docket entry, which will give the public notice of the request to seal and a reasonable opportunity to challenge it. The memorandum in support may be filed under seal. The filing party must docket the proposed sealed document as the first docket entry, using the CM/ECF events specifically created for sealed documents. The motion to seal must be docketed after the proposed sealed document, and should link back to the proposed sealed document. The proposed order should be attached to the motion to seal.

13. Notwithstanding any of the terms contained in the foregoing paragraph, in the event that a party seeks to file with the court documents that have been designated by another party as containing Confidential Information, the filing party shall provisionally file the materials

5

under seal in accordance with Local Civil Rule 79.2 and T(1)(a)6 of the ECF Administrative Policies and Procedures Manual, with notice served on the party or individual who desires to maintain the materials under seal. Within seven (7) days after service of such notice, the party or individual desiring that the materials be maintained under seal shall file a motion to seal and supporting memorandum in accordance with Section T(1)(a)1 of the ECF Administrative Policies and Procedures Manual. The supporting memorandum shall address the following issues with regard to the documents sought to be sealed:

> (i) the exact document or item, or portions thereof, for which filing under seal is requested;
> (ii) how such request to seal overcomes the common law or the First Amendment presumption to access;
> (iii) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interest in access;
> (iv) the reasons why alternatives to sealing are inadequate; and
> (v) whether there is consent to the motion.

In addition to the motion and supporting memorandum, the party or individual desiring that the materials be maintained under seal must set out such findings in a proposed order to seal, which should be submitted in accordance with Section M of the ECF Administrative Policies and Procedures Manual. The motion to seal shall be a public document and docket entry, which will give the public notice of the request to seal and a reasonable opportunity to challenge it. The memorandum in support may be filed under seal. The party or individual desiring that the materials be maintained under seal must docket the proposed sealed document as the first docket entry, using the CM/ECF events specifically created for sealed documents. The motion to seal must be docketed after the proposed sealed document, and should link back to the proposed sealed document. The proposed order should be attached to the motion to seal.

14. The inadvertent production of documents containing information protected by the attorney-client privilege and/or work product doctrine, or other privileges recognized by law,

6

shall not be deemed a waiver, in whole or in part, of a party's claim of privilege as to either the document or information disclosed, or to related documents or information. A party that has received documents or information subject to a privilege which such party knows or has reason to believe to have been inadvertently disclosed, or is informed by the disclosing party that the inadvertent disclosure was made (consistent with F.R.E. 502), shall immediately upon discovery or notification of the same, return or (with respect to any such documents or information which have been altered or incorporated into other documents in a privileged manner) destroy all documents constituting the same or incorporating such information and shall make no use thereof.

15. If a party is served with a subpoena or an order issued in a separate litigation that would compel disclosure of any Confidential Information disclosed in this action, the party receiving the subpoena or order must notify the party that designated the Confidential Information in writing immediately, and no later than five (5) court days after receiving the subpoena or order of the existence of the subpoena or order and provide the designating party a copy of the subpoena or order. The designating party shall bear the burden and costs of seeking protection for the relevant Confidential Information in the court from which the subpoena or order was issued.

16. If a party learns that it inadvertently disclosed Confidential Information to any person or entity in any circumstance not authorized under this Order, that party must immediately (a) notify the designating party of the unauthorized disclosures; (b) use its best efforts to retrieve all copies of the Confidential Information inadvertently disclosed; (c) inform the person or entity to whom the unauthorized disclosures of Confidential Information were made all the terms of this Order; and (d) request that the person or entity execute the attached Confidentiality Agreement.

7

17. The obligations and protections imposed by this Order shall continue beyond the conclusion of this action, or until the Court orders otherwise, or until it is superseded by an order for trial. Within sixty (60) days upon termination of this litigation by settlement or final judgment, the attorneys of record and other authorized persons for each party receiving Confidential Information shall destroy or, at the party's option, assemble and return to the party originally furnishing such information all documents containing confidential information, except that one copy of all materials produced may be retained by each party's attorney(s) of record and designated as the work product of attorneys of record and other authorized persons, even though such work product describes or quotes from confidential information in a manner that would otherwise compromise the confidentiality of the returned materials. Such copy shall be kept in a secure location, as described in Paragraph 10 above.

18. Nothing in this Order shall bar or otherwise restrict the attorneys in this matter from rendering advice to their clients with respect to this action or from relying upon Confidential Information in rendering such advice, provided their clients are advised and understand that they are required consistent with this Order to not disseminate or otherwise disclose Confidential Information.

19. Nothing in this Order shall diminish the existing rights and responsibilities of the parties and other persons involved in this litigation with respect to the protection of Confidential Information, as defined herein or otherwise. Nothing in this Order shall be construed to preclude a party from waiving, in writing or on the record, provisions set forth herein in specific instances to expedite this litigation. Nothing in this Order shall be construed to preclude any party to this litigation from seeking and obtaining additional protection with respect to the treatment of documents or other material covered by this Order.

20. The Court shall have continuing jurisdiction to modify, amend, enforce, interpret, or rescind any or all provisions of this Protective Order, notwithstanding the final termination or conclusion of this action.

STIPULATED TO AND AGREED TO BY:

/s/
Paul R. Dickinson, Jr.
pauldickinson@lewis-roberts.com
LEWIS & ROBERTS, PLLC
5960 Fairview Road, Suite 102
Charlotte, NC 28210

*Counsel for plaintiffs*

/s/
Peter H. White
SCHULTE ROTH & ZABEL LLP
1152 15th Street NW, Suite 850
Washington, DC 20005
(202) 729-7470
(202) 730-4520 (fax)
peter.white@srz.com

*Counsel for defendants Xe Services LLC, Blackwater Security Consulting LLC, U.S. Training Center, Inc., Raven Development Group LLC, GSD Manufacturing LLC, Prince Group, LLC, Total Intelligence Solutions LLC, Greystone Limited a/k/a Greystone Ltd., Terrorism Research Center, Incorporated, Technical Defense Associates, Incorporated and Erik Prince*

/s/
Paul K. Sun, Jr.
North Carolina Bar No. 16847
ELLIS & WINTERS LLP
Post Office Box 33550
Raleigh, NC 27636
(919) 865-7000
(919) 865-7010 (fax)
Paul.sun@elliswinters.com

*Counsel for defendants Aviation Worldwide Services, L.L.C., Guardian Flight Systems LLC, Presidential Airways, Inc., STI Aviation, Inc., Air Quest, Inc. and Samarus Co. Ltd.*

_/s/_
Edward Hallett Maginnis
emaginnis@maginnislaw.com
MAGINNIS LAW
6030 Creedmoor Road
Raleigh, NC 27612

*Counsel for defendant Jeremy P. Ridgeway*

_/s/_
Keith Harrison Johnson
kjohnson@poynerspruill.com
Poyner Spruill LLP
P.O. Box 1801
301 Fayetteville St., Suite 1900
Raleigh, NC 27602-1801

*Counsel for defendants Donald Wayne Ball, Dustin L. Heard, Evan Shawn Liberty, Nicholas Abram Slatten and Paul Alvin Slough*

Dated: June 21, 2010

**ORDER**

GOOD CAUSE APPEARING THEREFORE, IT IS SO ORDERED, this 6 day of July, 2010.

_Terrence W. Boyle_
The Honorable Terrence W. Boyle
United States District Judge

10